**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| DENNIS JAMES CLARK, | : | |
| Plaintiff | : | |
| VS. | : | |
| Counselor MAREKA AMICA, *et al.*, | : | NO. 5:09-CV-346 (HL) |
| Defendants | : | |
| _____ | : | **ORDER TO RECAST** |

Plaintiff **DENNIS JAMES CLARK** has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* has been granted by separate order entered this date. Notwithstanding that plaintiff is being allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee, as will be directed in a subsequent order of this Court.

## I. BACKGROUND

Plaintiff, currently confined at Calhoun State Prison ("Calhoun"), complains about conditions of confinement at Calhoun as well as at Men's State Prison ("Men's") and Dooly State Prison ("Dooly"), institutions where plaintiff was previously confined. Plaintiff only names defendants at Men's and Dooly.

## II. ORDER TO RECAST

Plaintiff's complaint requires recasting. Specifically, plaintiff is advised that he may set forth only related claims in one civil rights complaint. He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

Moreover, as the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees.... A buckshot complaint that would be rejected if filed by a free person-say, a suit complaining that A defrauded [him], B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions-should be rejected if filed by a prisoner."

There is no "logical relationship" among plaintiff's claims arising at Men's, Dooly, and Calhoun. Accordingly, the Court will not allow the joinder of these unrelated claims. Plaintiff must decide which claims he wishes to pursue in this action - those against officials at Men's, those against officials at Dooly, or those against officials at Calhoun. In his recast complaint, plaintiff is **DIRECTED** to indicate to this Court which prison shall be the subject of this lawsuit. Plaintiff may submit separate civil rights complaints for his claims arising at the other facilities.

Plaintiff shall have until **December 1, 2009**, to submit a recast complaint. If plaintiff fails to respond to this order in a timely manner, the Court will presume that plaintiff wishes to have this case voluntarily dismissed and will dismiss this action, without prejudice.

There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 3rd day of NOVEMBER, 2009.



s/ *Claude W. Hicks, Jr.*
CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE